**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10110 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 3-18-cr-00198-EMC-1 |
| | MEMORANDUM* |
| CHARIECE DENOYAS CHEW, | |
| Defendant - Appellant, | |

Appeal from the United States District Court
For the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted April 17, 2020**
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,*** Senior District Judge.

Appellant Chariece Chew appeals the district court's denial of his motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* This appeal is ordered submitted on the briefs as of April 17, 2020, pursuant to Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

suppress methamphetamine police discovered in his backpack. Appellant contends (1) East Palo Alto Police Department (EPAPD) officers did not have reasonable suspicion to effect an investigatory stop and did not have probable cause to seize his person; and (2) the attenuation doctrine did not remedy subsequent seizure of evidence from his backpack.

The typical remedy for Fourth Amendment violations by law enforcement officers is suppression or exclusion of evidence at trial. *Utah v. Strieff*, ---U.S.----, 136 S. Ct. 2056, 2061 (2016). One exception to the exclusionary rule is the attenuation doctrine. That exception makes evidence admissible "when the connection between unconstitutional police conduct and the evidence is remote or has been interrupted by some intervening circumstance, so that 'the interest protected by the constitutional guarantee that has been violated would not be served by the suppression of the evidence obtained.'" *Id*. (quoting *Hudson v. Michigan*, 547 U.S. 586, 593 (2006)). When determining whether the attenuation doctrine is applicable courts look to three factors: (1) "the 'temporal proximity' between the unconstitutional conduct and the discovery of evidence to determine how closely the discovery of evidence followed the unconstitutional [stop and detention]."[1]; (2) "the presence of intervening circumstances"; and (3) "the purpose

---

[1] The Government does not dispute the district court's determination that the temporal proximity factor weighs in favor of suppression.

and flagrancy of the official misconduct," which is of particular significance. *Id*. at 2061–62 (internal citations omitted).

In *Strieff*, the Supreme Court held that the discovery of an arrest warrant broke the causal chain between an unlawful investigatory detention, and the arrest of a suspect. The court found "the warrant was valid, it predated the officer's investigation, and it was entirely unconnected with the stop. And once the officer discovered the warrant, he had an obligation to arrest the defendant." *Id.* at 2062.

Here, after stopping and handcuffing Chew for a suspected nuisance violation, arresting officers learned that Chew had an outstanding arrest warrant for a probation violation. Thereafter, an inventory search of the backpack at the police station led to discovery of the drug at issue. The arrest warrant was not shown to have been deficient or improperly issued. It was already in existence prior to the initial stop and detention and necessarily led to the search of the backpack. The district court's inquiry and application of *Strieff* correctly held that discovery of the arrest warrant was an intervening circumstance that gave the officers an *entirely separate* reason for searching the backpack, independent of anything that had happened before. Accordingly, the discovery of the arrest warrant under *Strieff* provides the requisite intervening circumstance to "attenuate" the search of his backpack from the initial potentially unlawful stop and detention.

Appellant next contends that the flagrant misconduct factor of the attenuation doctrine weighs in favor of suppression. Here, although the officer's decision to stop appellant was potentially unlawful and mistaken, the district court found it was made on the officer's "good faith" belief in the appropriateness of his actions. *See United States. v. Ceccolini,* 435 U.S. 268, 279–80 (1978) (giving weight to a showing that officers did not conduct an illegal search with the intent of locating the evidence at issue). Further, the officer's actions were in response to complaints from the community and subsequent personal observations by investigating officers. We find neither reversible error in the district court's application of binding Supreme Court precedent nor in its clear factual findings that arresting officers did not engage in flagrant or purposeful misconduct.[2]

**AFFIRMED.**

---

[2] It remains significant that poisonous fruit that must be cast aside includes not only evidence directly found by an illegal search but also evidence that result from an **intended exploitation** of that illegality. (*See Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (holding that evidence was inadmissible because it was obtained by exploiting "illegal actions of the police).